Hassan
Paper No. 10

F 203

FOR PUBLICATION IN FULL

U. S. DEPARTMENT OF COMMERCE
PATENT AND TRADEMARK OFFICE

———

Trademark Trial and Appeal Board

———

In re Novalek, Inc.

———

Serial No. 73/799,383

———

Harris Zimmerman for applicant.

Geoffrey A. Fosdick, Trademark Examining Attorney, Law Office 2
(R. Ellsworth Williams, Managing Attorney)

———

Before Sams, Cissel and Hohein, Members.

Opinion by Cissel, Member:

On May 11, 1989 applicant filed an application to register the mark "CORAL SEA" on the Principal Register for a product subsequently identified by amendment as a "sea salt formulation for aquarium and holding tanks." By the same amendment, the word "SEA" was disclaimed apart from the mark as shown. Registration was refused under Section 2(d) of the Act on the ground that applicant's mark, as used on applicant's goods, so resembles the mark "CORAL-AIR," which is registered[1] for

———

[1]Reg. No. 1,053,289, issued to Penn-Plax Plastics, Inc. on November 23, 1976. Combined Section 8 and 15 affidavit received.

"aquarium aerators", that confusion is likely. When the refusal was made final, applicant appealed.

It is the position of the Examining Attorney that the marks are similar because they each use the same word, "CORAL", in combination with different words which are descriptive of the goods, "air" being what an aquarium aerator injects into the aquarium water, and the disclaimed word "sea" being what applicant's formulation is supposed to simulate in an aquarium. The Examining Attorney recognizes that applicant's product, essentially sea salt, would not necessarily be manufactured by the same source which makes an electrical pump type device such as registrant's aerator. However, he argues that purchasers of aquarium products would perceive "CORAL SEA" brand sea salt for fish tanks as part of a whole line of aquarium products which travel through the same channels of trade to the same class of purchasers under various marks comprising the word "CORAL" and other terms which are descriptive of the particular products with which the marks are used.

The applicant argues that the marks are different in sound, meaning and connotation, and that the goods with which they are used fall into different classes and would not be likely to emanate from the same source. Applicant points to the obvious differences in pronunciation and appearance between the marks and argues that the word "CORAL" is "commonly used by a large number of registrants" (Brief, p. 3). Applicant asserts that the "impact" of its mark differs from that of the registered mark.

2

The contention is that "CORAL SEA" connotes a connection with a World War II battle, whereas "CORAL-AIR" does not.

We find that confusion is likely for the reasons asserted by the Examining Attorney. It is well established that in order for confusion to be likely, it is not necessary for the goods to be the same or even competitive; rather, it is sufficient if they are related in some manner and are marketed in such a way that reasonable purchasers would mistakenly ascribe a common origin to them. M & T Chemicals, Inc. v. M & T Manufacturing Co., 161 USPQ 166, (TTAB 1969). While the manufacturing capability necessary for production of sea salt would be quite different than that required to produce electro-mechanical devices of the type identified in the cited registration, consumers of products used with fish tanks could expect that a line of such goods could emanate from one commercial source. The goods at issue are potentially complementary in use and could easily be ascribed to the same source in light of the similarity of the marks used on them. That these goods fall into different classes within the classification system used by this agency has no bearing whatsoever on the issue at hand. This system has been devised for administrative convenience, rather than for the creation of artificial limitations with regard to determining likelihood of confusion. In re Vic Boff Health and Fitness Aids, Inc., 189 USPQ 357 (TTAB 1975).

The popularity of "CORAL" as a component of registered trademarks is an unsupported assertion by applicant. We have no basis upon which to conclude that this term possesses any weakness

as a source indicator for goods such as these. "CORAL" is at most suggestive of these products, which may be used in conjunction with fish, some species of which may indigenously inhabit waters typified by coral reefs. When the same suggestive word is combined with terminology descriptive of particular products in the same area of trade, it is not unreasonable for purchasers of such goods to assume that each is part of a line of products from the same source.

Our conclusion is not altered by applicant's argument concerning the connotation of the historical battle. This contention is unsupported by any evidence; even if it were, the possibility of such a connotation would not overcome the previously discussed inclination of prospective purchasers to assume that they are being presented with two different items in the line of aquarium products offered by the same business under marks combining "CORAL" with other terms descriptive of the goods.

The refusal to register based on Section 2(d) of the Act is accordingly affirmed.

J. D. Sams

R. F. Cissel

G. D. Hohein
Members, Trademark
Trial and Appeal Board

APR 30 1991

4